UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MAURICE LAWRENCE,          )
                           )
        Plaintiff,      )     06-2149
                           )
v.                         )
                           )
AMERICAN HONDA MOTOR       )
COMPANY, INC.,             )
                           )
        Defendant.      )

## ORDER

The plaintiff, Maurice Lawrence ("Lawrence") has filed this suit against the defendant, American Honda Motor Company, Inc. ("Honda"), for injuries sustained in a car accident. Lawrence was driving his Honda Civic when the vehicle in front of him stopped suddenly and Lawrence crashed into the rear of that vehicle. Lawrence alleges the air bag in his car did not deploy as it should have.

Lawrence filed his complaint in state court, alleging injuries in excess of $50,000. Honda removed the action to this court pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Honda is a citizen of California. Lawrence is a citizen of Illinois. Honda asserts a good faith belief that there is at least one of Lawrence's claims as to which there is an amount in controversy exceeding $75,000. In support of this assertion, Honda quotes the complaint: Lawrence "was severely injured, suffered pain and suffering and will in the future have pain and suffering, had emotional distress and will in the future have emotional distress, had a loss of normal life and will in the future have a loss of normal life, lost wages and will in the future lose wages, has been permanently scarred, disabled, disfigured . . .". Honda further states that Lawrence was out of work for approximately eight weeks due to the injuries sustained in the accident.

After removal, Honda filed a motion for protective order to preserve Lawrence's vehicle in its post-accident condition. The plaintiff did not join in the motion, and Honda was informed by text order on August 29, 2006, that the court generally does not grant motions for protective orders unless all parties join in the motion and have signed the protective order before presenting it to the court. Lawrence was ordered to file a memorandum in opposition to Honda's motion, and his own motion for protective order with his proposed protective order. In the alternative, the parties could work together to submit a joint motion and proposed protective order electronically signed by all parties.

Before Lawrence could respond, Honda filed a motion to amend its motion for protective

order, stating that it had obtained the Illinois Traffic Crash Report ("report") for Lawrence's accident, and the report indicated that Lawrence was driving a 2004 Honda Civic rather than the 1997 Honda Civic identified in the complaint. Honda sought leave to amend its proposed protective order to reflect the information contained in the report.

On September 6, 2006, Lawrence filed a motion to remand, arguing that this court lacks jurisdiction over the subject matter. Lawrence contends that the amount in controversy does not exceed $75,000. In support of his argument, Lawrence attaches letters from his attorney to Honda's counsel, in which he demands a settlement of $74,900.

Honda opposes the remand, stating that (1) the plaintiff concedes with his demand of $74,900 that he will seek more than $75,000 at trial; and (2) removal is based on the facts as they exist at the time of removal, and a settlement demand after that time does not change the fact that the jurisdictional requirement existed at the time of removal.

The plaintiff is the master of the complaint, which he may tailor to determine the forum and prevent removal. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Lawrence's complaint sought damages in excess of $50,000 pursuant to Illinois Supreme Court Rule 222. In this instance, the district court "may look outside the pleadings to other evidence of jurisdictional amount in the record." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997) (*citing Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993); *Jadair, Inc. v. Walt Keeler, Co., Inc.*, 679 F.2d 131, 132-33 (7th Cir. 1982)). "The court, however, is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed." *Chase*, 110 F.3d at 428 (*citing In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).[1] It is Honda's burden "to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase*, 110 F.3d at 427 (*quoting Shaw*, 994 F.2d at 366).

Honda offers no evidence proving to a reasonable probability that the amount in controversy at the time of removal exceeded $75,000. With inquiry limited to evidence available at the time of removal, the court can consider only the complaint itself. The complaint seeks damages in excess of $50,000. It was not known how far in excess of $50,000 Lawrence might seek. This does not meet the court's jurisdictional threshold.

Lawrence has alleged a laundry list of serious and disabling injuries resulting in present and future damages, but plaintiffs often characterize their injuries as more serious than they are.[2]

---

[1] In *Shell*, the court noted it was clear from the value of the contract allegedly breached that the amount in controversy exceeded the jurisdictional amount. *Shell*, 970 F.2d at 356.

[2] Lawrence is apparently no exception. His post-removal settlement demand indicates he sustained a severe contusion to his thoracic area and a broken ankle. Lawrence incurred approximately $2,900 in medical bills, was out of work for nine weeks and then returned part

2

Without more, the allegations of injury do not show a reasonable probability that the value of the case exceeds $75,000.

Lawrence did tender a settlement demand below the jurisdictional requirement *after* the action was removed to this court, but it is relevant only if it reflects Lawrence's expectation at the time of removal. There is no evidence that he sought, at the moment of removal, an amount exceeding $75,000. The situation is unlike that presented in *Chase*, where the plaintiff, before removal, made settlement demands and refused to admit that the case was worth less than the jurisdictional amount. *Chase*, 110 F.3d at 428. The district court refused to consider the plaintiff's post-removal stipulation to an amount in controversy one penny less than the jurisdictional limit. *Chase*, 110 F.3d at 429-30. The Seventh Circuit affirmed, noting that the plaintiff, before removal, had "asserted the value of her claim by making a settlement offer for over twice the jurisdictional amount, by refusing Shop 'N Save's request to admit that she would not seek more than [the jurisdictional minimum], and by specifically alleging a laundry list of serious and disabling injuries that will result in present and future damages." *Chase*, 110 F.3d at 430.

"A plaintiff 'may not manipulate the process' to defeat federal jurisdiction and force a remand once the case has been properly removed." *Gould v. Artisoft, Inc*., 1 F.3d 544, 547 (7th Cir. 1993) (*quoting Shaw*, 994 F.2d at 368). There is no indication that Lawrence manipulated the process; rather, his settlement demand clarifies the amount sought, which is – and apparently always was – below this court's jurisdictional threshold. Lawrence's state court complaint alleges an amount in controversy exceeding $50,000. He has made a post-removal settlement demand of $74,900 – an amount consistent with his complaint and insufficient for diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, Honda's motion for protective order [#16] and motion for leave to amend its motion for protective order [#18] are denied for lack of subject matter jurisdiction. Lawrence's motion to remand [#20] is granted. This case is remanded to the Circuit Court for the Fifth Judicial Circuit, Coles County, Illinois.

Entered this _____ day of October, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT

---

time for a few months, and incurred auto towing, storage and repairs totaling $1,700. Lawrence does not state he would have escaped injury had the air bag deployed; rather, he claims his injuries would have been less severe.